**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF ILLINOIS**
**EASTERN DIVISION**

| | | |
|---|---|---|
| **UNITED STATES OF AMERICA,** | ) | |
| | ) | |
| | ) | **No. 89 CR 908-28** |
| **v.** | ) | |
| | ) | **Judge Rebecca R. Pallmeyer** |
| **MELVIN MAYES** | ) | |
| | ) | |

## MEMORANDUM OPINION AND ORDER

Defendant Melvin Mayes he was convicted for various crimes related to his membership in the El Rukn street gang, and sentenced in 1988 to three concurrent life sentences. Now, citing his severe chronic obstructive pulmonary disease (COPD), Mayes seeks compassionate release under 18 U.S.C. § 3582(c)(1)(A). The court grants his request.

## BACKGROUND

Mayes was apprehended by law enforcement in 1995, convicted at a jury trial in 1996, and sentenced in 1998. (Gov't's Resp. [6057] at 1–3.) In addition to receiving a 60-month sentence for a murder conspiracy and another 60 months for travel to commit murder, Mayes received three life sentences: one for a RICO conspiracy, another for a narcotics conspiracy, and a third on a separate charge of travel to commit murder. (*Id.*)

Mayes originally filed this compassionate release motion on August 2, 2020. (*See* Def.'s Memo. in Support of His Motion [6043] (hereinafter "Def.'s Mot.").) Because the crime underlying Mayes's third life sentence had been committed before November 1, 1987 (i.e., it was an "old law" sentence), this court determined that it lacked the statutory authority to grant compassionate release unless the Bureau of Prisons requested it. *See United States v. Mayes*, No. 89 CR 908-28, 2021 WL 2312565, at *2 (N.D. Ill. June 7, 2021) (explaining that Mayes's old-law sentence was governed by 18 U.S.C. § 4205(g) rather than by 18 U.S.C. § 3582(c)(1)(A)); *see also United States v. Jackson*, 991 F.3d 851, 852–54 (7th Cir. 2021)). However, the court left open the possibility that it could nevertheless order compassionate release under 18 U.S.C.

1

§ 3582(c)(1)(A) as to Mayes's first and second life sentences (i.e., "new law" sentences for which the underlying conspiracies did not conclude until after November 1, 1987). *Mayes*, 2021 WL 2312565, at *4. The court therefore reserved ruling on the new-law issue and invited supplemental briefing. *Id.*

Instead of accepting that narrow invitation, Mayes urged the court to reconsider its decision on the old-law sentence. (Def.'s Supp. Submission [6761] (hereinafter "Def.'s First Supp.") at 2–4.) The court need not revisit its earlier decision, however, because new circumstances have rendered it moot. Mayes explained in a recent filing that the Parole Commission granted him parole on the old-law sentence sometime last year. (*See* Def.'s Supp. Submission [6778] (hereinafter "Def.'s Second Supp.") at 1–2.) Thus, the only sentences for which Mayes is currently incarcerated are the two new-law sentences. (*Id.*)[1] Because this means that Mayes's motion for compassionate release is governed solely by 18 U.S.C. § 3582(c)(1)(A), the court can reach the merits of his request even without the Bureau of Prisons endorsing it. *See Mayes*, 2021 WL 2312565, at *2. The court does so below.

## DISCUSSION

Under 18 U.S.C. § 3582(c)(1)(A), a court may reduce the term of a defendant's imprisonment if the court finds that an "extraordinary and compelling" reason warrants the reduction, in light of the factors set forth in 18 U.S.C. § 3553(a) and any "applicable policy statements issued by the Sentencing Commission." *See* 18 U.S.C. § 3582(c)(1)(A).

---

[1] Mayes has filed, as an exhibit, a "Notice of Action" from the United States Parole Commission, which he says he did not receive until several months after its March 2021 date. (*See* Def.'s Second Supp. at 1–2.) The notice provides as follows: "Parole effective June 1, 2021 to the non-parolable LIFE sentence imposed by the U.S. District Court for the Northern District of Illinois Case Number 89CR[-]908-28. Upon your release to the non-parolable LIFE sentence, the U.S. Parole Commission is closing your case and no further action [sic]. However, you will continue to be confined under Case Number 89CR-908-28 imposed by the U.S. District Court for the Northern District of Illinois." (*See* Ex. to Def.'s Second Supp.) According to Mayes, a Bureau of Prisons lawyer confirmed that Mayes is now serving only his first and second life sentences. (*See* Def.'s Second Supp. at 2; Def.'s Third Supp. at 3.) The Government has not contested that assertion.

Section 3553(a) factors include "the nature and circumstances of the offense"; the "history and characteristics of the defendant"; and the need for the sentence to "reflect the seriousness of the offense," "provide just punishment for the offense," "afford adequate deterrence to criminal conduct," and "protect the public from further crimes of the defendant." 18 U.S.C. § 3553(a)(1)–(2).   As for the Sentencing Commission's policy statements, courts look mainly to U.S.S.G. § 1B1.13.[2]  The application notes list several circumstances that may constitute "extraordinary and compelling" reasons for release,  including a defendant's "terminal illness (i.e., a serious and advanced illness with an end of life trajectory)" or some other "serious physical or medical condition" that "substantially diminishes the ability of the defendant to provide self-care within the environment of a correctional facility and from which he or she is not expected to recover." U.S.S.G. § 1B1.13 application note (1)(a).

Mayes, who is now 64 years old, asks the court for compassionate release based on his "severe, end-stage" COPD.  (Def.'s Mot. at 1–2, 8–9; Def.'s Further Supp. Submission [6789] (hereinafter "Def.'s Third Supp.") at 3–5.)  He has submitted several medical records and one expert assessment that reflect the severity and impact of his condition.  (*See* Ex. A to Def.'s Mot. [6049-1]; Ex. B to Def.'s Mot. [6049-2]; Ex. C to Def.'s Mot. [6049-3]; Ex. to Def.'s First Supp. [6770]; Ex. A to Def.'s Third Supp. [6789-1] (hereinafter "Dr. Malec Report").)  Mayes suffers from "chronic hypercapnic and hypoxemic respiratory failure," and he requires supplemental oxygen around the clock, usually from either a nasal tube or a ventilator machine.  (Dr. Malec Report at 1; *see also* Def.'s Mot. at 2.)  He experiences chronic shortness of breath (or "air hunger"), relies on an electric wheelchair for mobility, and evidently requires nursing assistance for many activities

---

[2]      The Sentencing Commission has not updated its policy statements since the First Step Act amended § 3582(c)(1)(A) in 2018.  *See United States v. Black*, 999 F.3d 1071, 1074 (7th Cir. 2021).  The Seventh Circuit has thus held that U.S.S.G. § 1B1.13, in its current iteration, does not constrain a district court's discretion or limit the availability of compassionate relief.  *See id.*  But the court has nevertheless recognized that U.S.S.G. § 1B1.13, and particularly its application notes, provides a helpful "working definition of 'extraordinary and compelling reasons' " under § 3582(c)(1)(A).  *See United States v. Gunn*, 980 F.3d 1178, 1180 (7th Cir. 2020) (quoting 18 U.S.C. § 3582(c)(1)(A)).

3

of daily life. (Dr. Malec Report at 1–2; Def.'s Mot. at 2.) In May 2019, a doctor in the Bureau of Prisons stated that patients in Mayes's condition "cannot be expected to live longer than a year and a half." (Ex. A to Def.'s Mot. at 3.) More recently, a medical expert from the University of Chicago, Dr. Monica Malec, confirmed that "[g]iven the advanced nature of his COPD, [Mayes] would be eligible for hospice services." (Dr. Malec Report at 2.) Dr. Malec also described Mayes's COPD as a "chronic, progressive disease" based on which "further deterioration until his death is expected." (*Id.* at 1.)

In addition to detailing the severity of his condition, Mayes has explained the logistics of his release. He would live with his sister and her husband in their home in suburban Chicago. (Def.'s Mot. at 5–6; Def.'s Third Supp. at 5.) Mayes's sister has represented to the court that she and her husband are "deeply committed to making provisions for [Mayes's] health care, if given the opportunity." (Ex. F to Def.'s Mot. [6049-6].) According to Mayes's counsel, Mayes's sister and husband have arranged for possible hospice services, and for the delivery and installation of necessary medical equipment, from a specific agency in their area. (Def.'s Third Supp. at 5.)

The Government, for its part, has not disputed the merits of Mayes's ostensibly "extraordinary and compelling" basis for compassionate release. (*See* Def.'s Third Supp. at 2 (summarizing the Government's position).) The Government opposed Mayes's motion solely on the theory that an old-law sentence, under 18 U.S.C. § 4205(g), is not eligible for compassionate release absent a request by the Bureau of Prisons. (*See* Gov't's Resp. to Def.'s Mot. [6057] at 4–8.) The Government has not responded to any of Mayes's filings since that statutory argument became moot upon the conclusion of Mayes's old-law sentence.

Considering the factors set forth in 18 U.S.C. § 3553(a) as well as the guidance of U.S.S.G. § 1B1.13, the court finds that Mayes's severe COPD is an "extraordinary and compelling" circumstance that favors compassionate release. Mayes's terminal illness defines his day-to-day life. He can no longer care for himself independently and has no realistic prospect of recovery. *See* U.S.S.G. § 1B1.13 application note (1)(a). As Mayes's counsel has bluntly put

it, the request "ultimately boils down to one question: Where, and with whom, will he live his remaining days—and die?" (Def.'s Third Supp. at 5–6.) Given his debilitating condition, Mayes appears to pose a minimal risk of future criminal behavior. *See* 18 U.S.C. § 3553(a)(2)(C). It is also worth noting that Mayes has assembled a satisfactory, even if not perfect, record in custody. (Def.'s Mot. at 4–5; *see also* Ex. D to Def.'s Mot. [6049-4] at 1–2.) For example, Mayes has received only four disciplinary infractions in approximately 27 years, the first of which was in 1995 and the last of which (for possession of an unauthorized item) occurred more than three years ago. (Def.'s Mot. at 5; *see also* Ex. D to Def.'s Mot. 2.) More significantly, he has completed several educational courses, instructed a class on African American history, and received a "Special Achievement Award" for exceptional work in UNICOR. (Def.'s Mot. at 4–5; *see also* Ex. D to Def.'s Mot. at 1–2.) According to a 2020 report from the Bureau of Prisons, "[h]is interaction with staff and inmates is appropriate and no management concerns are noted at this time." (Ex. D. to Def.'s Mot. at 2.) *See* 18 U.S.C. § 3553(a)(1) (history and characteristics of the defendant).

Although the crimes for which Mayes was convicted were abhorrent, he has now been in custody for approximately 27 years—a significant stretch of time for the purposes of both punishment and general deterrence. *See id.* § 3553(a)(1), (2)(A)–(B). Given Mayes's health status, granting him compassionate release would not undermine the rule of law or create any doubt about the seriousness of his offenses. *See* § 3553(a)(2)(A).

## CONCLUSION

Mayes's motion for compassionate release [6042] is granted. The court directs that Mr. Mayes's sentence be reduced to one of time considered served as of February 15, 2022. In light of Mr. Mayes's grave medical condition, the court declines to impose a period of supervised release.

ENTER:

Dated: January 18, 2022

_____
REBECCA R. PALLMEYER
United States District Judge